■ In the Matter of VICTORIA D., a Person Alleged to be a Juvenile Delinquent, Appellant. [864 NYS2d 13]—

Order of disposition, Family Court, Bronx County (Juan M. Merchan, J.), entered on or about October 30, 2007, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that she committed acts which, if committed by an adult, would constitute the crimes of petit larceny and criminal possession of stolen property in the fifth degree, and placed her on probation for a period of 12 months, unanimously affirmed, without costs.

The court properly denied appellant's motion to vacate the fact-finding determination on the ground that her attorney deprived her of the right to effective assistance of counsel. The record establishes that counsel consulted with appellant and her mother at the conclusion of the presentment agency's case, and advised appellant not to testify. Thereafter, without any protest by appellant or her mother, appellant's counsel informed the court that "[a]fter speaking to my client and her mother at this point the respondent rests." The record does not support appellant's claim that counsel defied her wishes by resting before she had an opportunity to testify. Although appellant had a personal right to testify (*see People v Mason*, 263 AD2d 73, 76-77 [2000]), the record indicates that "counsel dissuaded, rather than foreclosed, [appellant] from testifying" (*People v Bussey*, 276 AD2d 331, 332 [2000], *lv denied* 96 NY2d 732 [2001]). Indeed, appellant did not claim in her motion that before her attorney rested she informed him that she wished to testify and that he acted in defiance of her wishes. Rather, appellant claimed only that she did not understand that once she rested she would be foreclosed from testifying. Even assuming appellant was laboring under such a misapprehension, appellant failed to allege facts that would warrant imputing that misapprehension to any actions or statements by her counsel, let alone actions or statements evincing any error by her counsel. Accordingly, we reject appellant's argument that a hearing was necessary to determine the content of appellant's consultations with her attorney. Concur—Lippman, P.J., Tom, Williams, McGuire and Freedman, JJ.